

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 5920 | DATE | JUN 04 2012 |
| CASE TITLE | Erick D. Martin (#R-60684) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The defendants' motion for summary judgment on grounds of non-exhaustion [#35] is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1997e(a) for failure of the plaintiff to properly exhaust administrative remedies prior to bringing suit. The case is terminated. The status conference previously scheduled for June 28, 2012, at 10:00 a.m. is vacated.

■ [For further details see text below.]      **Docketing to mail notices.**

## STATEMENT

    The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers at the Cook County Jail, violated the plaintiff's constitutional rights by using unjustified force against him, and by intentionally handcuffing him so tightly as to cause pain and suffering. This matter is before the court for ruling on the defendants' motion for summary judgment. For the reasons stated in this order, the motion is granted.

    The defendants filed a statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with their motion for summary judgment, the defendants included a "Notice to Plaintiff Regarding Requirements of Rule 56" and accompanying information [document no. 37, attachments 6, 7, 8, and 9], as required by circuit precedent. Those notices clearly explained the requirements of the Local Rules and warned the plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

    Despite the defendants' admonitions, the plaintiff failed to file a response to their statement of uncontested facts. In his rather cursory response to the defendants' motion for summary judgment, the plaintiff simply cites certain portions of the record that he believes support his claims, entirely ignoring the issue of exhaustion. Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady*

**(CONTINUED)**

     mjm

v. *Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have ... repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005). The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) (citations omitted).

In light of the above considerations, the court views the defendants' following Rule 56.1 statements pertaining to exhaustion to be true and uncontested, as they are supported by the record and not rebutted by the plaintiff:

On July 8, 2010, the plaintiff filed a grievance concerning events that had allegedly occurred on May 13, 2010. (Defendants' Exhibit C, Affidavit of Joseph Consolo, ¶ 2; *see also* Attachment 1 to Affidavit, "Detainee Grievance.") The plaintiff claimed that he had been "beat[en] up" by three deputies and requested an investigation into the actions of the officers purportedly involved in the incident. (Consolo Affidavit, ¶ 2; Grievance, p. 1.)

Correctional officials immediately responded to the grievance, asking the plaintiff to resubmit his grievance with more specific information, including the location and time of the incident and the names of the individuals involved so that the matter could be looked into. (Consolo Affidavit, ¶ 3; Grievance, p. 2.) The plaintiff was expressly directed to resubmit the grievance "as soon as possible." (Consolo Affidavit, ¶ 3; Grievance, p. 2.) The plaintiff, however, never resubmitted the grievance with the information requested. (Consolo Affidavit, ¶ 4). Nor did the plaintiff file an appeal. (Defendants' Exhibit B, Deposition of Erick Martin, p. 97.) Instead, he initiated this lawsuit in September 2010. (*See* docket.)

Given this background, the court is satisfied that the plaintiff failed to properly exhaust administrative remedies prior to filing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in federal court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001). An inmate must comply with the rules established by the State [or, in this case, County] with respect to the form and timeliness of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court).

In the case at bar, the plaintiff's grievance was neither exhausted nor timely. First, jail rules in effect at that time required that a grievance be submitted within fifteen days of the event being grieved. *See* Defendants' Exhibit

**(CONTINUED)**

D, Affidavit of John Mueller, ¶¶ 3 and 5; *see also* attached Cook County Department of Corrections General Order 14.5, Section III(B)(2). Because the plaintiff waited until July to grieve a May incident, his grievance was filed too late.

Second, irrespective of timeliness, the plaintiff failed to finalize the grievance process, either by resubmitting his grievance, as directed, or by appealing. If the plaintiff was dissatisfied with the handling of his grievance, he could have appealed the matter. (Mueller Affidavit, ¶ 4; CCDOC General Order 14.5, Section III(C).) The plaintiff did not fully complete grievance procedures.

The defendants, in short, have demonstrated that the plaintiff failed either to avail himself of grievance procedures in a timely manner, or to completely exhaust the grievance process.

Because the plaintiff effectively admits that he failed to properly exhaust administrative grievance procedures, the court has no occasion to consider the respective defendants' personal involvement or any other substantive issues. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits...." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). "[I]t is essential to keep the courthouse doors closed until [exhaustion] efforts have run their course." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Where, as here, the plaintiff failed to exhaust grievance procedures, the court cannot consider his claims.

For the foregoing reasons, the defendants' motion for summary judgment is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust administrative remedies prior to bringing suit. The case is terminated.

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*